UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELISSA KENNEDY

VERSUS

PARKVIEW BAPTIST SCHOOL, INC.

CIVIL ACTION

NUMBER 13-478-SCR

## RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the Plaintiff's Motion for An Order Compelling Discovery. Record document number 29. The motion is opposed.[1]

Plaintiff Melissa Kennedy filed a Complaint against her former employer defendant Parkview Baptist School, Inc., alleging claims of harassment, discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Plaintiff was employed as a full-time teacher in the defendant's elementary division from August 1, 2007 until her termination on April 5, 2012. At the time of her termination the plaintiff was 48 years of age and taught the third grade. Plaintiff alleged that during the relevant time period Dr. Melanie Ezell was the school's headmaster and Jill Cowart was the assistant headmaster, head of the elementary division and the plaintiff's supervisor.

---

[1] Record document number 30.

Plaintiff alleged that during the 2011-2012 school year she was harassed and treated differently than her co-workers because of her age and disability. Plaintiff alleged and that she was ultimately terminated by Ezell on April 5, 2012 after writing a grievance letter in which she complained about harassment and the medical issues she was experiencing because of the stress caused by the harassment and discrimination. Plaintiff also alleged that during the period from August 2009 to May 2012, Cowart displayed a pattern of replacing employees over the age of forty with employees in their twenties.

This discovery motion arises out of the Plaintiff's First Set of Interrogatories and Request for Production of Document served by the plaintiff on January 16, 2014. Defendant provided its answers and responses to the discovery on February 21, 2014.[2] Approximately four months later, in an email correspondence dated June 26, 2014, the plaintiff asserted that a large number of the defendant's responses were deficient and should be supplemented because all of the information sought would support her claims and/or undermine the credibility of the defendant's proffered legitimate nondiscriminatory/nonretaliatory reasons for its employment actions. Defendant essentially maintained its objections based on overbreadth, relevancy and privacy, and

---

[2] Record document number 29-4, Exhibit 1. Plaintiff served 6 interrogatories and 77 requests for production of documents.

asserted that its answers and document production was a complete and sufficient response to the plaintiff's discovery requests. The parties' efforts to resolve the discovery dispute failed.[3]

It is not surprising that the plaintiff contends many of the defendant's responses are deficient. From a review of the plaintiff's discovery requests it is apparent that as a whole they are extremely overbroad. Plaintiff's document requests call for the production of virtually every personnel file and document related to the employment of every faculty and staff member from January 2007 to the present. Nevertheless, the plaintiff maintains that she is entitled to all of the information and documents requested, and in her motion did not suggest any limitations. In light of the plaintiff's position, it would be both difficult and inappropriate for the court to attempt to limit each of the contested document requests so that the information sought would come within scope Rule 26(b)(1), Fed.R.Civ.P. Doing so would amount to the court propounding discovery requests for the plaintiff. The court cannot rule on a discovery motion with a wholesale rewriting the plaintiff's overbroad discovery requests. For this reason and the additional reasons explained below, with the exception of Request for Production Nos. 46 and 47, the plaintiff's motion is denied.

---

[3] Record document numbers 29-5 through 29-11, Exhibits 2 through 8, respectively.

**Interrogatory No. 1, Request for Production Nos. 4, 6, 8 - 16, 18, 19, 41, 57 and 58**

Review of the motion and memoranda shows that in response to these extremely broad discovery requests[4] the defendant produced the plaintiff's personnel file and all other documents related to the plaintiff's employment, and referenced documents designated as PBS 0001-0545 that were provided to the plaintiff. Defendant stated that it produced 644 pages of documents in response to the plaintiff's discovery requests.

Plaintiff failed to establish that any of these discovery requests are incomplete or deficient. There is no basis to order the defendant to supplement is responses to them.

**Request for Production Nos. 22, 62, 63 and 64**

Review of these four document requests shows that the plaintiff is seeking production of: (1) all grade books and student attendance records kept by the plaintiff during her employment with the defendant from August 1, 2007 through April 5, 2012;[5] (2) with regard to two named students, the grade book and attendance records

---

[4] For example, in Requests for Production Nos. 8-16, 18 and 19, the plaintiff sought production of all documents that support, contradict, and relate to the defendant's denial of all the allegations contained in paragraphs 6-14, 16 and 17 of her complaint. In Request for Production No. 41 the plaintiff requested all of the personnel files for 71 current and former employees of the defendant. Together, in Requests for Production Nos. 57 and 58, the plaintiff asked the defendant to produce the formal and informal performance evaluations for each faculty and staff member of the school from January 2007 to the present.

[5] Requests for Production Nos. 62 and 63.

kept by the plaintiff, or any and all third grade teachers;[6] and (3) all documents that support, contradict or relate to the denial of the allegations contained in paragraph 20 of the Complaint (which alleged that Cowart told the parents of a student that the plaintiff was "old school" and graded the "old way," told the plaintiff to stop grading so much, and later moved the student from the plaintiff's class to another teacher's class).[7] Defendant essentially argued that these document requests are overbroad, irrelevant and would infringe on the privacy rights of students. Defendant also incorporated the arguments contained in its Motion for a Protective Order.[8]

Defendant's arguments have merit. These requests are too expansive and call for the production of a large number of documents that are not relevant to the issues in this case. Plaintiff's requests would require the defendant to produce the plaintiff's grade books, her attendance records and the records of two students covering a five year period.[9] However, a review of

---

[6] Request for Production No. 64.

[7] Request for Production No. 22.

[8] Record document number 14.

[9] In her motion the plaintiff attempted to expand Request for Production No. 22 to include a request for several years of grade books from second and third grade teachers, for the purpose of comparing her grading methods with those of her peers. Record document number 29-6, Exhibit 3,, p. 7. However, neither Request for Production No. 22, nor any of the other three requests can
(continued...)

5

the Complaint, arguments and supporting exhibits shows that the plaintiff's allegations regarding Cowart's statements about excessive grading focused on the 2011-2012 school year.[10] Plaintiff failed to explain how grade and attendance records for five years is reasonably calculated to lead to the discovery of admissible evidence.

Thus, the only relevant document that falls within the scope of these requests as written is the plaintiff's grade book for the 2011-2012 school year. Nevertheless, it is unnecessary to order the defendant to produce it. A review of the defendant's Motion for Protective Order shows that the plaintiff already has her grade book - she provided to the defendant in her response to the defendant's discovery requests.[11] Therefore, an order to compel the defendant to produce her grade book, or any additional documents in response to Request for Production Numbers 22, 62, 63 and 64 is not warranted.

**Request for Production Nos. 42 and 43**

Through these requests the plaintiff asked the defendant to

---

[9](...continued)
reasonably be interpreted to encompass a general request for other teachers' grade books. Even if they did, such a request would be overbroad.

[10] Record document number 29-12, Exhibit 9, p. 2; record document number 29-15, Exhibit 12, p. 3.

[11] Record document number 14-1, Memorandum in Support of Motion for Protective Order, p. 2. Defendant argued that under federal and state law a student's educational records are confidential and must be protected from disclosure. It is not necessary to address these arguments to rule on this motion.

produce all documents related to any complaints made by or about the plaintiff during her employment. In her motion the plaintiff merely recited the discovery requests and the same information included in the summary of deficiencies she provided to the defendant - a description of the types of employment-related documents she is seeking.[12] In its discovery responses as well as in its opposition to the motion, the defendant stated that to the extent the documents exist, it has produced them by providing to the plaintiff her entire personnel file and any additional documents in its possession concerning the plaintiff's job performance.

Plaintiff's motion does not provide any arguments or explanation which support finding that the defendant's response to these document requests is deficient.

**Request for Production Nos. 46 and 47**

These document requests relate to information about the defendant's corporate assets and liabilities as of April 5, 2012 and net profits for the years 2008 through 2013. Defendant objected to production of these financial documents, and the plaintiff argued that the defendant should be ordered to produce them because they are relevant to her claim for punitive damages. In its opposition memorandum the defendant noted that under the ADEA liquidated damages are available, but punitive damages are

---

[12] Record document number 29-1, Memorandum in Support of Plaintiff's Motion for an Order Compelling Discovery, pp. 16-18; record document number 29-6, Exhibit 3, pp. 9-10.

7

not, and acknowledged that punitive damages can be recovered under the ADA.[13]

Defendant recently filed a Motion for Summary Judgment seeking dismissal of all of the plaintiff's claims.[14] Therefore, the best course is to deny the motion as to these document requests without prejudice to the plaintiff re-urging this aspect of the motion after a ruling is issued on the Motion for Summary Judgment.

> **Interrogatory No. 4, Request for Production Nos. 48, 51, 56, 67**

Through this interrogatory and four document requests the plaintiff sought: (1) information and documents regarding all claims, complaints and suits for discrimination, harassment, hostile work environment or retaliation that have been brought against the defendant; (2) all documents related to complaints of bullying and harassment made against the school, administration, faculty, staff or students during the period from January 2007 to the present; (3) all complaints made against Cowart, Ezell, the school board or teachers during the period January 2007 to the present; and (4) all documents related to confidentiality agreements of current and former employees from January 2007 to the present. Plaintiff's position is that this discovery would support her claims and undermine the credibility of the defendant's legitimate, nondiscriminatory reasons, and would demonstrate a

---

[13] *See*, *E.E.O.C. v. DynMcdermott Petroleum Operations Co.*, 537 Fed.Appx. 437 (5th Cir. 2013).

[14] Record document number 36.

8

"pattern and that this suit is not an isolated situation but rather a continuous mode of operation for the defendant."[15] Defendant objected to this discovery asserting that the requests were overbroad, sought irrelevant information, and infringed on the privacy rights of non-parties.

Defendant's objections on grounds of relevancy and over breadth are valid. These discovery requests are patently over broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims under the ADA and ADEA are individual claims for discrimination, harassment and retaliation, not a pattern or practice claim against the defendant.[16] Plaintiff failed to show how information and documents related to other employees and claims that are not similar to her allegations and circumstances would be relevant to proving her individual disparate treatment claims. Defendant will not be required to provide any

---

[15] Record document number 29-1, p. 21.

[16] What is relevant regarding an individual disparate treatment claim is the reason or reasons for the particular employment decisions. That inquiry is governed by the framework of *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Evidence related to the defendant's actions toward other employees is only relevant if the employees are similarly situated to the plaintiff. *See, Wyvill v. United Companies Life Ins. Co.,* 212 F.3d 296, 302-03 (5th Cir. 2000); *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 355 (Cir. 2001).
A pattern or practice claim is not a separate and distinct cause of action, but another method by which disparate treatment may be shown. However, this method of proof is typically used in cases brought either by the government or as class actions, and requires establishing by a preponderance of the evidence that discrimination was the company's standard operating procedure. *Celestine, supra.*

9

information and documents in response to these discovery requests.

### Request for Production Nos. 70 and 76

In these document requests the plaintiff requested production of all documents related to the reason for her termination, and all documents from January 2007 to the present from teachers, staff, parents and students that supported her or requested her reinstatement. Defendant stated that it produced the plaintiff's personnel file and all documents related to her employment/ termination, and provided all the documents it has related to the plaintiff's employment.

Plaintiff's motion does not provide any basis to find that the defendant's responses to Request for Production Nos. 70 and 76 are deficient.

### Award of Reasonable Expenses

Under Rule 37(a)(5)(B), Fed.R.Civ.P., if the motion is denied the court must, after giving the opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's motion was not substantially justified, and the record does not reflect any circumstances that would make an award of expenses unjust. Defendant is entitled to reasonable expenses under Rule 37(a)(5)(B). Review of the plaintiff's motion and the

defendant's opposition supports a finding that an award of expenses in the amount of $400 is reasonable.  Should the court later decide that the defendants must produce financial information this award of expenses will be adjusted.

Accordingly, the Plaintiff's Motion for an Order Compelling Discovery is denied.  Pursuant to Rule 37(a)(5)(B), Fed.R.Civ.P., within 14 days, the plaintiff shall pay to the defendant reasonable expenses in the amount of $400.

Baton Rouge, Louisiana, September 18, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE