UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELISSA KENNEDY

VERSUS                                          CIVIL ACTION

PARKVIEW BAPTIST SCHOOL, INC.       NUMBER 13-478-SCR

**RULING ON DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES**

Before the court is a Motion for Award of Attorneys' Fees filed by the defendant Parkview Baptist School, Inc. Record document number 77. Plaintiff Melissa Kennedy filed an opposition.[1]

It is unnecessary to repeat in this ruling any background information on the plaintiff's claims and the outcome of the summary judgment motion. That information is already set forth in detail in the summary judgment ruling, and the judgment entered in favor of the defendant.[2]

Plaintiff brought plaintiff's claims alleging discrimination, harassment and retaliation in violation of the Age Discrimination in Employment Act ("ADEA") and the Americans With Disabilities Act ("ADA"). 29 U.S.C. § 623(a)(1); 42 U.S.C. § 12112. After a final judgment was entered in its favor, the defendant filed this motion

---

[1] Record document number 80.

[2] Record document numbers 73, 75 and 76. Plaintiff appealed the judgment. The Fifth Circuit issued an opinion on October 8, 2015 affirming the judgment.

for an award of attorney's fees as the prevailing party.[3]

Defendant argued that it is entitled to attorney's fees based on the standards governing such awards and based on the bad faith exception to the American Rule.

Review of the record as a whole in light of the applicable law does not support granting the defendant's motion.

**Applicable Law**

Under Title VII, 42 U.S.C. § 1988(b), and the ADA, the court uses the same standards to determine whether a prevailing defendant should be awarded attorney's fees and costs - the *Christiansburg/Hughes* standard.[4]  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178 (1980).  These cases direct the district court as follows:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

---

[3] Plaintiff filed a Notice of Appeal on January 23, 2015.  The Fifth Circuit issued an opinion on October 8, 2015 affirming the summary judgment ruling in favor of the defendant.

[4] The ADA adopts the remedies and procedures found in 42 U.S.C. § 2000e-5(k), which states in relevant part that "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."

*Christiansburg*, 434 U.S. at 421-422, 98 S.Ct. at 700.

The *Christiansburg/Hughes* standard is intended to insure that plaintiffs with uncertain but arguably meritorious claims, are not altogether deterred from initiating litigation by the threat of becoming liable for onerous legal fees if their claims fail. *Myers v. City of West Monroe*, 211 F.3d 289, 292 n. 1 (5th Cir. 2000). Under the standard, the defendant may recover attorney's fees from the plaintiff only upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though it was not brought in subjective bad faith. The action must be meritless in the sense that it is groundless or without foundation. The fact that the plaintiff in the end lost the case is not in itself a sufficient justification for imposing fees and costs. Courts must be careful not to use the benefit of perfect hindsight in assessing frivolousness. *Id*.

To determine whether the case was frivolous, unreasonable or without foundation, the court should ask whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful. Factors which the court examines in making this determination are: (1) whether the plaintiff established a prima facie case; (2) whether the defendants offered to settle the case, and (3) whether the case was dismissed or a full blown trial was held. *Myers,* 211 F.3d at 292. These factors are guideposts and frivolousness must be judged on a case-by-case

basis. *Provensal v. Gaspard*, 524 Fed.Appx. 974 (5th Cir. 2013).

The Supreme Court has addressed the approach the courts must take under *Christiansburg* in mixed civil rights cases involving frivolous and non-frivolous claims. A defendant is permitted to receive only the portion of his fees that he would not have paid but for the frivolous claim. *Fox v. Vice*, ____ U.S. ____, 131 S.Ct. 2205, 2213-14 (2011).[5] The purpose is to relieve defendant of the burdens associated with fending off frivolous litigation. So, if a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff.

In contrast, the ADEA contains no prevailing party attorney fee provision. The Fair Labor Standards Act's ("FSLA") attorney's fee statute, which applies to age discrimination claims under the ADEA, mandates only that a district court award attorney's fees to a plaintiff who is a prevailing party. 29 U.S.C. §§ 216(b) and 626(b). The FLSA does not provide for an award of attorneys' fees to defendants or prevailing parties generally. In the absence of an express provision in the ADEA or FLSA that permits an award of attorney's fees to a prevailing party, the American Rule applies

---

[5] This same approach is used when the award of fees is brought under Title VII and the ADA. *See, Provensal, supra*.

and each party bears its own attorney's fees, unless an exception is established.[6] Bad faith is a recognized exception to the rule, and the defendant in an ADEA case must show bad faith on the plaintiff's part for a district court to award attorney's fees to a defendant. *Flanagan v. Havertys Furniture Cos, Inc.*, 484 F.Supp.2d 580, 581 (W.D.Tex. 2006); *Fassbender v. Treasure Chest Casino*, 2008 WL 170071, *8 (E.D.La. Jan. 16, 2008).

The bad faith exception is designed to cover situations in which a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See, NASCO v. Calcasieu Television and Radio, Inc.*, 894 F.2d 696, 701 (5th Cir. 1990). The bad faith exception to the American Rule is not limited to suits that are filed in bad faith, but also encompasses bad faith conduct preceding and during the litigation. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 2464 (1980).

**Analysis**

Defendant essentially argued that it should be awarded reasonable attorney's fees because the record establishes the plaintiff's claims were meritless, pursued in bad faith and with improper motive. However, considering the record as a whole, the defendant failed to carry its burden of establishing that the

---

[6] Under the American Rule used in federal courts, absent a statute or an enforceable contract, litigants pay their own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.s. 240, 95 S.Ct. 1612, 1621 (1975).

plaintiff's claims were frivolous, unreasonable, meritless, or conducted in bad faith.

With regard to the defendant's argument that the plaintiff's disability discrimination claim was frivolous or meritless, the defendant cited four statements from the 46 page ruling on the summary judgment motion.[7]  This is insufficient to carry the defendant's burden under the *Christianburg/Hughes* standard that applies to attorney's fee awards to prevailing defendants under the ADA.  The summary judgment ruling determined that even though the plaintiff had evidence to support a prima facie case, summary judgment was proper because the plaintiff did not present sufficient evidence to create a genuine dispute for trial as to the defendant's legitimate, non-discriminatory reasons for terminating her employment.  But the defendant's success in achieving dismissal of the plaintiff's claim is not an adequate justification for imposing fees and costs on the plaintiff.  Considering the summary judgment record as a whole, the evidentiary basis for the plaintiff's claim was not so lacking that it can be fairly characterized as frivolous, unreasonable or without foundation.

To obtain attorney's fees based on dismissal of the plaintiff's ADEA claim, the defendant must satisfy the bad faith exception to the American Rule.  Defendant argued that certain conduct of the plaintiff during the litigation demonstrates bad

---

[7] Record document number 77-1, Memorandum in Support of Defendant's Motion for Award of Attorney's Fees, pp. 6-7.

6

faith: (1) the plaintiff maintained overly broad allegations and pursued irrelevant written and deposition discovery that caused the defendant to spend needless time and expense to defend against; (2) a motion for protective order had to be filed because the plaintiff kept confidential school and student records and attempted to use this irrelevant information to support her claims, which violated her teaching contract as well as state and federal law; and, (3) a lengthy motion in limine had to be filed because the plaintiff's pretrial order identified and relied on so many irrelevant and inadmissible exhibits.

Review of the record shows that the court's September 18, 2014 ruling on the Motion to Compel Discovery filed by the plaintiff, provided the defendant relief from the plaintiff's attempts to pursue and obtain overly broad, irrelevant discovery. Furthermore, the ruling on the defendant's Motion for Protective Order gave protection in this litigation to the school and student records the defendant claimed were confidential.[8] Defendant did not contend at the time of the rulings or in this motion, that these rulings were insufficient to alleviate the detrimental effects of the plaintiff's overly broad discovery requests and her attempted use of confidential school records.[9]

---

[8] Record document numbers 37 and 41.

[9] Defendant also complained that the plaintiff's listing of exhibits in the pretrial order caused it to have to file a Motion in Limine, because many of the exhibits were either irrelevant, could not be authenticated, or constituted or contained hearsay.
(continued...)

7

Considering the entire record, the plaintiff's conduct in discovery can reasonably be characterized as ineffectual and the litigation as a whole can be reasonably characterized as ill-advised.  But the specific conduct the defendant cites as a basis of its motion does not support a finding of bad faith, improper motive, or abuse of the litigation process.

Accordingly, the Motion for Award of Attorneys' Fees filed by the defendant Parkview Baptist School, Inc. is denied.

Baton Rouge, Louisiana, November 2, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9](...continued)
Defendant failed to persuasively explain how this conduct constituted bad faith rather than just a misguided litigation strategy.  Record document number 77-1, Memorandum in Support of Defendant's Motion for Award of Attorney's Fees, p. 9.

8